PEDRO SOLÁ COLÓN, Plaintiff and Appellee, *v.* JOAQUÍN HERNÁNDEZ GONZÁLEZ, Defendant and Appellant.

No. 5082.   Argued May 26, 1930.—Decided May 27, 1930.

*R. Arce* for appellant. *González Fagundo & González Jr.* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The appellee moves to dismiss the present appeal on the ground that more than ten months have elapsed since the same was taken without the stenographer having yet filed the transcript of the evidence, notwithstanding the fact that the said stenographer has already filed such transcript in other cases subsequently appealed.

The appellant opposed the motion and alleged that he had been diligent in the prosecution of the appeal, making timely application for and securing the proper extensions, engaging the stenographer to prepare the transcript for three hundred dollars, of which the appellant paid eighty dollars on account and deposited the balance with the clerk of the court at the disposal of the stenographer. He also urged the necessity and importance of his appeal and submitted an affidavit of the stenographer in which the latter set forth the reasons for his delay and stated that he expected to complete the work within the last extension of time which had been granted.

The appellee replied by filing a certificate in support of his statement that the stenographer had filed other transcripts in appeals subsequently taken.

We have carefully considered the contentions advanced by the parties and we think that we ought to use our discretion in the sense of not dismissing the appeal. The opposition set up by the appellant shows good faith on his part. It is evident that he has done and is doing all that is possible. The conduct of the stenographer is not to be commended, but the fact in itself and the certificate shown are insufficient to judge all the circumstances that may have concurred.

The favoritism alluded to not only is not to be encouraged, but must be reproved, where the preference is not really jus-

tified, and, if persisted in, such practice may result in injury to the interests of *bona fide* appellants, as in the present case.

An appellant is not bound to pay excessive stenographic charges, and such transcript work as is estimated on the basis of the legal rate ought to be dispatched, generally, in the order of seniority. Otherwise, if he who pays best is first served, the ends of justice would be defeated by the very tribunal which has been created for the purpose of dispensing it impartially to all.

The right of appeal is not an absolute right. In order to make it effective, the appellant must comply with the conditions established by the law, the rules and the jurisprudence applicable thereto. One of such conditions is that an appellant may not be permitted, under the pretext of the exercise of such right, to unduly delay the execution of a judgment. The party in whose favor such judgment has been rendered has also rights that must be protected. Hence rule 59 of this court.

Perhaps in dismissing the motion of the appellee we are not entirely fair to him, but as this is the first time that the question of preference on the part of the stenographer has been raised in this court and as the good faith of the appellant has been so clearly shown, it has seemed to us that our decision should be in favor of the prosecution of the appeal and that the case be determined on its merits, unless an undue delay should be persisted in and the motion reproduced.

The motion for dismissal must be denied.